IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE 1, and JANE DOE 1 in their own capacity and as parents of CHILD DOE 1, JANE DOE 2, in her own capacity and as parent of CHILD DOE 2 and CHILD DOE 3, JANE DOE 3, in her own capacity and as parent of CHILD DOE 4 and on behalf of those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>NORTH ALLEGHENY SCHOOL DISTRICT *et al.*,<br>Defendants | ) | CIVIL ACTION NO. 2:22-cv-00055- MJH<br><br>The Honorable Marilyn J. Horan |

**MOTION FOR AMENDMENT OF ORDER DATED JANUARY 17, 2022 TO INCLUDE STATEMENT REQUIRED BY 28 U.S.C.A. §1292(b)**

**AND NOW COME**, Defendants, North Allegheny School District, Richard McClure, Elizabeth Blackburn, Marcie Crowe, Leslie Britton Dozier, Paige Hardy, Kevin Mahler, Vidya Szymkowiak, Elizabeth Werner, and Shannon Yeakel (hereinafter collectively referred to as "Defendants"), by and through their counsel Alfred C. Maiello, Esquire, Steven P. Engel, Esquire, Christina L. Lane, Esquire and Maiello Brungo & Maiello, LLP, and hereby file this Motion respectfully requesting that this Honorable Court amend its Order dated January 17, 2022 to state that it finds that the requirements of 28 U.S.C.A. § 1292(b) are satisfied and to certify the Order for immediate interlocutory appeal on the questions of: (1) Whether the risk of potentially contracting COVID-19 if the mask mandate is lifted in schools is sufficient to confer standing to students, whom have filed lawsuits to enjoin school districts from electing to make masks

optional; (2) whether the exhaustion of remedies requirements established under §1415(l) of the Individuals with disabilities Education Act ("IDEA") apply to a student's claims for failure to accommodate under the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act for failing to require universal masking in schools; (3) whether the offering of on-line curriculum can constitute a "reasonable accommodation" to a student who is more vulnerable to COVID-19; and (4) whether students, who are more vulnerable to COVID-19 can satisfy the required elements for injunctive relief or demonstrate that irreparable harm will occur if universal mask mandates are lifted. In support of this Motion and the requested relief, Defendants state as follows:

1. Pursuant to 28 U.S.C.A. § 1292(b), an appeal may be taken from an otherwise unappealable interlocutory order when a district judge is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, provided that the District Court so states its opinion in writing in such order.

2. On January 17, 2022, this Court entered in this action its order, granting Plaintiffs' Motion for Temporary Restraining Order, which enjoined the enforcement of the North Allegheny School District School Board's decision to make masks optional beginning on January 18, 2022 (hereinafter referred to as the "Order").

3. Defendants seek permission to take an immediate appeal of the Order under the provisions of 28 U.S.C.A. § 1292(b).

4. The above-described Order does not contain the statement , under 28 U.S.C.A. § 1292(b), which must be included before an appeal from an interlocutory order may be taken.

5. Accordingly, pursuant to Fed. R. App. P. 5(a), Defendants hereby respectfully request that the Court amend the Order to include the following statement as Paragraph 6 or at the end of the Order:

> In the opinion of the Court this order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

6. An interlocutory appeal under 28 U.S.C.A. § 1292(b) and the addition of the requested language is appropriate here because:

a. The order of the court dated January 22, 2022, involves a controlling question of law for the reason that reversal of the Order on the jurisdictional issues (*i.e.*, standing and failure to exhaust administrative remedies) or the issue relating the appropriateness of the accommodation offered would, if reversed, result in the termination of the underlying action filed by Plaintiffs. *See*, *Profit Point Tax Techs., Inc. v. DPAD Grp., LLP*, No. 2:19-CV-698, 2021 WL 1967961, at *3 (W.D. Pa. May 17, 2021) ("A controlling issue of law is one that will end the litigation."), *citing* *Klingenhoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2dCir. 1990); *Johnson v. Natonal Collegiate Athletic Ass'n*, No. CV 19-5230, 2021 WL 6125095, at *2 (E.D. Pa. Dec. 28, 2021)(Finding that certification of issue identified for interlocutory appeal was warranted because the court's order and accompanying Memorandum presented a "controlling question of law" in that, if reversed by the Third Circuit would result in dismissal of this case);

b. A substantial ground for difference of opinion exists as to the issues that were addressed in the Order in that the Third Circuit has not addressed the issue of masking in schools and there are conflicting District Court decisions with respect to whether a disabled student or students, whose underlying medical conditions make them more vulnerable to COVID-19, can enjoin a school district's decision to make masks optional. This difference of opinion was demonstrated by the fact that the Honorable Judge William Stickman entered a conflicting order or denied a Motion for a Temporary Restraining Order on January 21, 2022[1], and refused to enjoin the School District's plan to make masks optional under nearly identical circumstances in a case brought by Plaintiffs' counsel against the nearby Upper St. Clair School District in the action that is pending in the Western District of Pennsylvania under the caption *Doe v. Upper St. Clair School District* at Docket No. 2:22-cv-001;

c. An immediate appeal from such order will materially advance the ultimate termination of the litigation, because the portions of the Order, which address jurisdictional issues (*i.e.*, standing and failure to exhaust administrative remedies) and the issue relating to the appropriateness of the accommodation offered would, if reversed, result in the termination of the underlying action filed by Plaintiffs and eliminate the need for a preliminary injunction hearing or trial in this matter. *See* *Johnson v. National Collegiate Athletic Ass'n*, No. CV 19-5230, 2021 WL 6125095, at *4 (E.D. Pa. Dec. 28, 2021) ("In

[1] The Third Circuit has since issued an Order granting emergency injunctive relief to the Plaintiffs. *See* Order dated January 23, 2021 in *Doe v. Upper St. Clair School District et al.*, 3d. Cir. Docket No. 22-1141.

considering whether an [interlocutory] appeal would materially advance the ultimate termination of litigation, 'courts have focused on whether an appeal would (1) eliminate the need for trial …");

d. The order may not be otherwise appealable under 28 U.S.C.A. § 1292[2].

e. The granting of an appeal and clarification of the jurisdictional issues and the question regarding the appropriateness of the accommodation offered would bring clarity to the pending lawsuits identified above and potentially eliminate conflicting decisions in the numerous cases that have been filed[3] or that are in the process of being filed to enjoin or require the continuation of mandatory masking in schools. _*See*_ _*Gorton v. Air & Liquid Sys. Corp.*_, 303 F. Supp. 3d 278, 305 (M.D. Pa. 2018) ("[T]he court may consider '*the impact that an appeal will have on other cases'* in deciding whether to certify an issue for interlocutory appeal.").

WHEREFORE, Defendants, North Allegheny School District, Richard McClure, Elizabeth Blackburn, Marcie Crowe, Leslie Britton Dozier, Paige Hardy, Kevin Mahler, Vidya Szymkowiak, Elizabeth Werner, and Shannon Yeakel, respectfully request that this Honorable Court amend its Order dated January 17, 2022 to: (a) state that it finds that the requirements of

[2] The District is also filing a Notice of Appeal in connection with the TRO. The District fully expects that Plaintiffs will seek to quash that appeal as an unappealable interlocutory order. The District is therefore filing this Motion in order to allow it to file a Petition for Allowance of Appeal in the event that its appeal is quashed or otherwise dismissed by the Circuit Court as premature.

[3] Another lawsuit containing virtually identical claims is also pending against Perkiomen Valley School District in the Eastern District of Pennsylvania under the caption _*Doe v. Perkiomen Valley School District*_ at Docket No. 2:22-cv-00287. The Court heard argument on a motion for temporary restraining order in that case on January 25, 2022, and is expected to issue a ruling shortly.

28 U.S.C.A. § 1292(b) are satisfied; and (b) certify the Order for immediate interlocutory appeal with respect to the following questions:

(1) Whether the risk of potentially contracting COVID-19 if mask mandates are lifted in schools is sufficient to confer standing to students whom have filed lawsuits to enjoin school districts from electing to make masks optional;

(2) Whether the exhaustion of remedies requirements established under §1415(l) of the Individuals with Disabilities Education Act ("IDEA") apply to a student's claims for failure to accommodate under the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act for failing to require universal masking in schools;

(3) Whether the offering of on-line curriculum can constitute a "reasonable accommodation" to a student who is more vulnerable to COVID-19; and

(4) Whether students, who are more vulnerable to COVID-19 can satisfy the required elements for injunctive relief or demonstrate that irreparable harm will occur if universal mask mandates are lifted.

Dated: January 25, 2022

Respectfully submitted,

**MAIELLO, BRUNGO & MAIELLO LLP**

/s/ Steven P. Engel
Steven P. Engel, Esquire
Pa. I.D. No. 74524
Southside Works
424 South 27th Street, Suite 210
Pittsburgh, PA 15203
(412) 242-4400

Counsel for Defendants, *North Allegheny School District, Richard McClure, Elizabeth Blackburn, Marcie Crowe, Leslie Britton Dozier, Paige Hardy,*

*Kevin Mahler, Vidya Szymkowiak, Elizabeth Werner, and Shannon Yeakel*