IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 1, JANE DOE 1, *in their own capacity and as parent of CHILD DOE 1*, JANE DOE 2, *in her own capacity and as parent of CHILD DOE 2 and CHILD DOE 3*, and JANE DOE 3, *in her own capacity and as parent of CHILD DOE 4 and on behalf of those similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH ALLEGHENY SCHOOL DISTRICT, *a Pennsylvania governmental entity*, RICHARD MCCLURE, ELIZABETH BLACKBURN, MARCIE CROW, LESLIE BRITTON DOZIER, PAIGE HARDY, KEVIN MAHLER, VIDYA SZYMKOWIAK, ELIZABETH WERNER, SHANNON YEAKEL, *all individual elected officials sued in their individual capacity and in their capacity as members of the* NORTH ALLEGHENY SCHOOL DISTRICT BOARD OF DIRECTORS, *a Pennsylvania elected legislative body*, and NORTH ALLEGHENY SCHOOL DISTRICT BOARD OF DIRECTORS, *a Pennsylvania elected legislative body*, <br><br> Defendants. | 2:22-cv-55 <br><br> Judge Marilyn J. Horan |

**ORDER OF THE COURT**

AND NOW this 1st day of February 2022, the Court hereby grants, to the extent provided for herein, Defendants' Motion to Amended this Court's January 17, 2022 Temporary Restraining Order (ECF No. 21). In their Motion, Defendants requested leave for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants' Motion comes after another case in this District, *Doe 1 v. Upper Saint Clair School District*, Civ. Action No. 2:22-cv-112,

1

considered similar issues albeit under different facts. The District Court in that case denied Plaintiffs' TRO, which has been appealed to the Third Circuit. 28 U.S.C. § 1292(b) allows a district court to certify a motion for interlocutory appeal, when the judge is of the "opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The issue has been briefed by both sides, and Defendants' Motion is granted as follows:

With regard to the issues of standing and administrative exhaustion, the Court grants Defendants' request for certification of interlocutory appeal. Determination of the issues of standing and exhaustion of administrative remedies for immunocompromised students in the District, who are seeking relief under the ADA and Section 504 when the universal mask mandate has been lifted and when the community transmission rate is in a category of "high," impacts the termination of the case and involves controlling questions of law.[1]

With regard to questions of whether virtual learning is a reasonable accommodation under the ADA and Section 504, and whether plaintiffs can satisfy the elements for injunctive relief under the ADA and Section 504, the Court is of the opinion that the record in this case is not sufficiently developed. As such, said questions are not ripe for an interlocutory appeal under 28 U.S.C. 1292(b).

---

[1] In this Court's TRO determination as regards administrative exhaustion, it reasoned that under *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017), administrative exhaustion was not necessary given that this was an access issue under the ADA and Section 504 rather than a FAPE issue. However, should the Circuit deem administrative exhaustion necessary under these circumstances, the Court would highlight that it had received some facts at the TRO stage that Plaintiff John Doe 1 had requested an accommodation on December 10, 2022 regarding masking but at the time the TRO was filed, Plaintiff Doe 1 had received no response from the District. (ECF No. 4, at 12). This Court had not yet had the opportunity to receive any additional evidence regarding those facts.

As such, the Court grants Defendants' Motion for Interlocutory Appeal with regard to the following two questions:

(1) Do immunocompromised students have standing to bring ADA and Section 504 claims when a school district's universal mask mandate has been lifted and community transmission rates are in a category of "high"?; and

(2) Are immunocompromised students required to exhaust administrative remedies under the ADA and Section 504 when a school district's universal mask mandate has been lifted and community transmission rates are in a category of "high"?

The Court will immediately notify the Clerk of the Third Circuit of the entry of this Order.

Marilyn J. Horan
United States District Judge